```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

BRADLEY JENKINS                )
                               )
         V.                    )    Civil Action 08-00148(HHK)
                               )
MICHAEL MUKASEY, Attorney      )
General of the United States   )
of America, et al.,            )
                               )
         Respondents           )
                               )
```

RESPONDENTS' MOTION FOR LEAVE TO FILE OUT OF TIME THEIR MOTION TO TRANSFER PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

Respondents Michael Mukasey, Attorney General of the United States of America, and Harley G. Lappin, Director of the Federal Bureau of Prisons, by and through their attorney, the United States Attorney for the District of Columbia, respectfully move for leave to file two days out of time their motion to transfer petitioner's application for a writ of habeas corpus.  Because defendant is incarcerated, we have not sought to reach him to learn his position on this motion.

Undersigned counsel has been obliged, during this week and last, to draft two sets of objections to reports and recommendations in two separate cases before the United States District Court; has been obliged, on short notice, to research and brief a procedural issue in anther case during the week of March 10, 2008; and, during the same month, completed a first draft of a substantial response to a motion bringing a collateral attack in another case in the United States District Court and drafted, on

short notice, a substantive response in connection with another such case.

This is the government's second request for an extension of time; defendant should not be unduly prejudiced by this very brief additional extension.

WHEREFORE, the respondents respectfully request leave to file out of time their motion to transfer petitioner's application for a writ of habeas corpus.

    Respectfully submitted,

    JEFFREY A. TAYLOR (D.C. Bar No. 490-610)
    United States Attorney

    ROBERT D. OKUN (D.C. Bar No. 457-078)
    Chief, Special Proceedings Division

    /s/ Thomas S. Rees
    THOMAS S. REES (D.C. Bar No. 358-962)
    Assistant United States Attorney
    Special Proceedings Division
    555 Fourth Street, N.W., Tenth Floor
    Washington, D.C. 20530
    (202) 305-4882
    Thomas.S.Rees@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of April, 2008, I have caused a copy of the foregoing motion for leave to file out of time, along with a form of order, to be served first class U.S. Mail, postage prepaid, on:

>Bradley Jenkins
>Fed. Reg. 17466-045
>FCI Oakdale
>Federal Correctional Institution
>P.O. Box 5000
>Oakdale, LA 71463

>/s/ Thomas S. Rees
>THOMAS S. REES
>ASSISTANT UNITED STATES ATTORNEY

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


BRADLEY JENKINS                )
                               )
          V.                   )    Civil Action 08-00148(HHK)
                               )
MICHAEL MUKASEY, Attorney      )
General of the United States   )
of America, et al.,            )
                               )
          Respondents          )
_____)
```

                                ORDER

Upon consideration of the Respondents' motion for leave to file out of time, and the entire record herein, it is hereby

ORDERED that the Respondents' motion for leave to file out of time is hereby GRANTED. And it is further

ORDERED that the lodged Respondents' Motion To Transfer Petitioner's Application For A Writ Of Habeas Corpus shall be filed.

SO ORDERED, this _____day of _____,2008.


                              _____
                              Henry H. Kennedy
                              United States District Judge


Copies to:

Bradley Jenkins
Fed. Reg. 17466-045
FCI Oakdale
Federal Correctional Institution
P.O. Box 5000
Oakdale, LA 71463

Thomas S. Rees
Assistant United States Attorney
United States Attorney's Office
Special Proceedings Division
555 4th Street, N.W. - Room 10-911
Washington, D.C. 20530

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


BRADLEY JENKINS                )
                               )
         V.                    )    Civil Action 08-00148(HHK)
                               )
MICHAEL MUKASEY, Attorney      )
General of the United States   )
of America, et al.,            )
                               )
              Respondents      )
_____)
```

### RESPONDENTS' MOTION TO TRANSFER PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

The respondents, by and through their attorney, the United States Attorney for the District of Columbia, respectfully file their motion to transfer petitioner's pro se application for a writ of habeas corpus to the United States District Court for the Western District of Texas, El Paso Division, where he was sentenced.

In support of his application for a writ of habeas corpus, the petitioner challenges the legality of his convictions. In essence, this application is a motion for post-conviction relief under 28 U.S.C. § 2255, and therefore should be transferred to the petitioner's court of conviction. However, before the Court can construe the petitioner's application as a motion filed under 28 U.S.C. § 2255, this Court must advise the petitioner of the consequences of the characterization, and allow the petitioner an opportunity to respond. See, e.g., Castro v. United States, 540 U.S. 375, 383 (2003); United States v. Palmer, 296 F.3d 1135, 1146

(D.C. Cir. 2002).

## ARGUMENT

### I. Petitioner's Habeas Application Should Be Construed As § 2255 Motion.

The petitioner's application should be transferred to the United States District Court for the Western District of Texas, El Paso Division, where defendant was convicted. Although the petitioner has styled his claim for relief as an application for a writ of habeas corpus, and not as a Section 2255 motion, it is well settled that the caption of a pleading is not determinative of the nature of the relief sought. Pleadings that are the functional equivalent of a Section 2255 motion should be treated as such, regardless of the caption of the pleading. See, e.g., United States v. Gutierrez, 116 F.3d 412, 416 (9th Cir. 1997) (treating motion under Declaratory Judgment Act as Section 2255 motion); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996) (treating Section 2241 habeas petition as Section 2255 motion); cf. Brennan v. Wall, 100 Fed. Appx. 4, 5 (1st Cir. 2004) (treating motion filed under 28 U.S.C. § 1651 as § 2254 motion); cf. Byrd v. Bagley, 37 Fed. Appx. 94, 95 (6th Cir. 2002) ("regardless of the label on the statutory underpinning for the petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254").

In this case, the petitioner is challenging the legality of his convictions, not the manner in which his sentence has been executed (Application ¶¶ 2,4). In contrast, "[a] petition under 28

U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined . . . [whereas] a 28 U.S.C. § 2255 [motion] attacks the legality of detention . . . and must be filed in the district that imposed sentence." Bradshaw, 86 F.3d at 166; Milton v. Wiley, 2006 WL 3706057, *1 (10th Cir. Dec. 18, 2006); see also Perkins v. Henderson, 881 F. Supp. 55, 59 n.4 (D.D.C. 1995) ("'It is well settled in this jurisdiction and elsewhere that Section 2255 will lie only to attack the imposition of a sentence and that an attack on the execution thereof may be accomplished only by way of habeas corpus in the district of confinement.'")(quoting Hartwell v. United States, 353 F. Supp. 354, 357-58 (D.D.C. 1972)).  In short, this Court should treat the petitioner's habeas application, which solely challenges the legality of his conviction, as a motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, rather than as a habeas petition filed pursuant to 28 U.S.C. § 2241.

Accordingly, this Court should transfer this petition to the United States District Court for the Western District of Texas, El Paso Division, the court in which defendant was convicted. See 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court

<u>which imposed the sentence</u> to vacate, set aside or correct sentence.") (emphasis added).

    II.   Petitioner Should Be Given An Opportunity to Respond To Recharacterization Of His <u>Application</u>

The Court may characterize petitioner's application as a Section 2255 motion only if the Court informs the petitioner of its intent to characterize the petition under § 2255, "warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." <u>Castro</u>, 540 U.S. at 376; <u>see also</u> <u>Palmer</u>, 296 F. 3d at 1146 (the district court "may recharacterize a post-conviction motion made under another rule of law as a § 2255 only if it first ensures that the movant is fully informed of § 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion"). Thus, the petitioner should be given the warnings in the following paragraphs concerning the consequences that may result from the characterization of his application as a Section 2255 motion, and give him an opportunity to withdraw his petition if he wishes to avoid these consequences.

First, 28 U.S.C. § 2255 requires that all claims attacking a conviction or sentence be brought in a single motion. A second or

successive § 2255 motion must be certified by the appropriate U.S. Court of Appeals. 28 U.S.C. § 2255(h). The Court of Appeals will not authorize a second or successive Section 2255 motion unless it contains: (1) newly discovered evidence that would establish, by clear and convincing evidence, that the defendant is not guilty of the offense for which he was convicted; or (2) a new rule of constitutional law that the Supreme Court makes applicable to cases on collateral review that was previously unavailable. Id.

Second, the petitioner should be advised that Section 2255 motions are subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The one year period of limitation requires a court to dismiss a Section 2255 motion unless it is filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction became final; (2) the date upon which the impediment to making a motion created by governmental action in violation of the Constitution of the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Finally, if the petitioner's application is characterized as

a Section 2255 motion, he must be given the opportunity to withdraw the instant application before it is so characterized. Additionally, the petitioner should be warned that any motion attacking the legality of his conviction or sentence will be subject to the restrictions of Section 2255.

## CONCLUSION

WHEREFORE, the respondents respectfully request that the petitioner's application be characterized as a Section 2255 motion, and that he be allowed either to withdraw the instant application or agree to let it be characterized as a Section 2255 motion within 60 days of the date this Court orders the petitioner to make such a choice. If the petitioner allows his application to be characterized as a Section 2255 motion, the respondents request that this Court transfer the petitioner's application to the United States District Court for the Western District of Texas, El Paso Division, as a motion made pursuant to 28 U.S.C. § 2255.

A proposed Order is attached.

        Respectfully submitted,

        JEFFREY A. TAYLOR (D.C. Bar No. 490-610)
        United States Attorney

        ROBERT D. OKUN (D.C. Bar No. 457-078)
        Chief, Special Proceedings Division

        /s/ Thomas S. Rees
        THOMAS S. REES (D.C. Bar No. 358-962)
        Assistant United States Attorney
        Special Proceedings Division
        555 Fourth Street, N.W., Tenth Floor
        Washington, D.C. 20530
        (202) 305-4882
        Thomas.S.Rees@usdoj.gov

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 2nd day of April, 2008, a copy of the foregoing motion for an extension of time, along with a form of order, was served first class U.S. Mail, postage prepaid, on:

        Bradley Jenkins
        Fed. Reg. 17466-045
        FCI Oakdale
        Federal Correctional Institution
        P.O. Box 5000
        Oakdale, LA 71463

        /s/ Thomas S. Rees
        THOMAS S. REES
        ASSISTANT UNITED STATES ATTORNEY