UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRADLEY JENKINS,<br>        Petitioner,<br><br>v.<br><br>MICHAEL MUKASEY, Attorney General of the United States of America, et al.,<br><br>        Respondents. | Civil Action 08-00148 (HHK) |

ORDER

Before the court is defendant United States' motion to recharacterize and transfer petitioner's application for a writ of habeas corpus [#5]. In his application, petitioner seeks post-conviction relief pursuant to 28 U.S.C. § 2241. The United States contends that petitioner's application must be recharacterized as a motion for post-conviction relief under 28 U.S.C. § 2255. The United States also asserts that petitioner's application must be transferred to the United States District Court for the Western District of Texas, El Paso Division, where he was sentenced.

The court is inclined to grant the United States' motion for recharacterization. A petition under § 2241 attacks the execution of a sentence. In contrast, a petition under § 2255 attacks the legality of detention. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). In the instant case, petitioner challenges the legality of his convictions, not the manner in which his sentence has been executed. Accordingly, petitioner's application for a writ of habeas corpus should be recharacterized as a motion for post-conviction relief under 28 U.S.C. § 2255.

Such recharacterization may have serious consequences for the petitioner. Section 2255 places "restrictive conditions . . . upon a 'second or successive' (but not upon a first)" motion for post-conviction relief brought under § 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). That is, a second or successive motion must first be certified by a panel of the appropriate court of appeals pursuant to 28 U.S.C. § 2244. 28 U.S.C. § 2255.

Accordingly, the Supreme Court has held that before recharacterizing a petitioner's application as a motion for post-conviction relief under 28 U.S.C. § 2255, the court must (1) inform the litigant of its intent to recharacterize; (2) warn the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restriction; and (3) provide the petitioner with an opportunity to withdraw, or amend, the filing. *Id.; see also United States v. Palmer*, 296 F.3d 1136, 1146 (D.C. Cir. 2002) (the district court "may recharacterize a post-conviction motion made under another rule of law as a section 2255 motion only if it first insures that the movant is fully informed of section 2255's restriction on second or successive 2255 motions as well as other procedural hurdles implicated by recharacterization and the court offers the movant an opportunity to withdraw his motion.").

Accordingly, it is by the court this 10th day of April 2008, hereby

**ORDERED** that petitioner has until May 9, 2008 to respond to the United States' motion to recharacterize petitioner's application for a writ of habeas corpus. If petitioner does not withdraw or amend the filing by this date, the court may grant the United States' motion to recharacterize petitioner's writ of habeas corpus and transfer the motion to the United States District Court for the Western District of Texas, El Paso Division. Failure to withdraw or amend the application may subject the petitioner to § 2255's restrictions on "second or successive" filings.

Henry H. Kennedy, Jr.
United States District Judge